# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## (Northern Division)

|  |  |
|---|---|
| **JAMES GAJEWSKI**<br>5410 McCormick Avenue<br>Baltimore, Maryland 21206,<br><br>Petitioner,<br><br>v.<br><br>**MIDDLE RIVER AIRCRAFT SYSTEMS**,<br>103 Chesapeake Park Plaza<br>Baltimore, Maryland 21220,<br><br>Respondent. | Case No.:<br><br>Date:  April 30, 2010 |

## PETITION TO VACATE ARBITRATION AWARD

Petitioner, James Gajewski, by undersigned counsel, hereby submits this Petition to Vacate Arbitration Award, and states as follows:

### PARTIES AND JURISDICTION

1. Petitioner, James Gajewski ("Gajewski") is an individual who resides in Baltimore County, Maryland. Gajewski is a former employee of Respondent, Middle River Aircraft Systems, where he was a member of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and its Local No. 738 (the "Union").

2. Respondent, Middle River Aircraft Systems ("MRAS," or, the "Company"), is a Maryland company that designs, builds, and services aircraft. MRAS's principal place of business is located in Baltimore County, Maryland.

3. This action arises from a labor arbitration between the Union and MRAS, Case No. 039-07, in which Gajewski grieved MRAS's decision to terminate Gajewski's employment. On January 30, 2010, the Arbitrator, Norman R. Harlan, issued a decision denying Gajewski's grievance (the "Arbitration Decision," or, the "Decision").

4. This action is brought pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, by which this Court has jurisdiction to review the Arbitration Decision.

## FACTS

5. Petitioner, Gajewski, was employed by Respondent, MRAS, for 26 years, from August 1981 until August 2007. At all times relevant to this Petition, Gajewski was both represented by and active in the Union. Accordingly, the terms and conditions of Gajewski's employment were governed by a collective bargaining agreement between the Union and the Company dated November 10, 2007 (the "CBA," or, the "Contract").

6. On August 31, 2007, Gajewski was involved in an incident with a fellow employee, Louis Swecker, who also worked as an assembler for MRAS. Gajewski considered the incident to be horseplay; Swecker claims that he felt threatened and considered it to be an incident of workplace violence.

7. The Company investigated the incident and decided to discharge Gajewski on September 17, 2007 for alleged violation of the Company's workplace violence rules. The Union grieved the discharge on behalf of Gajewski. After the grievance was denied at a Step 3 meeting and at a Step 4 hearing, an arbitration was held before Arbitrator Norman R. Harlan on October 27 and 28, 2009.

8. At the Arbitration, the Company sought to introduce evidence of alleged incidents of workplace violence in which Petitioner purportedly was involved in the 2001-2002 time frame. The Union successfully objected to direct evidence of any discipline for these incidents based on Article XVIII, Section 7 of the CBA ("Section 18:7"), which provided that, "Reprimands or suspensions antedating a period of twelve (12) months on the active payroll, during which no reprimand or suspension has been received, will be removed from the employee's record." Finding that such incidents fell outside the twelve (12) month window for such discipline to be considered part Gajewski's employment record, the Arbitrator ruled that such evidence was inadmissible.

9. Nevertheless, the Company thereafter sought to introduce into evidence an agreement dated December 21, 2001, between Gajewski and MRAS entitled, "Rehabilitative Services Agreement" (the "Agreement," or, the "RSA"). This Agreement arose out of an altercation between Gajewski and his supervisor in 2001 that the Company considered to constitute an episode of workplace violence and for which Gajewski was suspended for two months.

10. The Company intended to fire Gajewski, but agreed to continue his employment only on condition that Gajewski sign the RSA. The Agreement consisted of various statements prepared for Gajewski by the Company, including, "[I]f I again become involved in a situation that creates a hostile environment, in a manner prohibited by the Company, my employment with the Company shall be immediately terminated." This Agreement permitted the Company to keep Gajewski's 2001 disciplinary incident "alive" without ever "dropping off" his record, in express violation of Section 18:7 of the CBA. Under threat of discharge if he did not

sign it, and without the Union's being made a party to the Agreement, Gajewski signed the RSA.

11.  Despite the Union's emphatic and repeated objections, the Arbitrator admitted the RSA into evidence. Once the RSA was admitted, the Arbitrator permitted additional testimony describing the 2001 incident and the suspension that was imposed because of it.

12.  On January 30, 2010, the Arbitrator issued a written opinion and Award, in which he denied Gajewski's grievance. In doing so, the Arbitrator expressly relied on the occurrence of these past incidents and the existence and terms of the RSA as significant factors to support his finding that Gajewski not only engaged in workplace violence in the instant case, but that he should be discharged for it.

### GROUNDS FOR RELIEF

13.  Private agreements between an employer and employee that conflict with the terms of a collective bargaining agreement, or which result in a waiver of the employee's rights under a collective bargaining agreement, are prohibited. The RSA constitutes an impermissible private agreement between the Company and Gajewski in that it constitutes a waiver of Gajewski's rights under Section 18:7 of the CBA to have his disciplinary record purged after twelve (12) months.

14.  The Arbitrator's decision to admit the RSA into evidence, and his substantial reliance on this evidence of past discipline in denying Gajewski's grievance, constitutes a flagrant violation of Gajewski's rights.

15.  The Arbitrator's award, incorporating and relying on this evidence outside of the CBA and in direct violation of its terms, does not draw its essence from the parties'

Contract. As a consequence, the Arbitrator's Award must be vacated.

WHEREFORE, Petitioner, James Gajewski, respectfully requests that the Court vacate the Award issued by Arbitrator Harlan on January 30, 2010, that the Court grant the Petitioner's grievance, order his reinstatement to employment with back pay of salary and benefits with interest, and grant such other and further relief as the Court deems just.

                          Respectfully submitted,

                          */s/ Bruce M. Luchansky*
Bruce M. Luchansky (Bar #08439)
Luchansky, P.A.
911 N. Charles Street, Third Floor
Baltimore, Maryland 21201
410.522.1020
lucky@luchanskylaw.com
Fax: 410.522.1021
*Attorneys for Petitioner, James Gajewski*