```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MARYLAND

JAMES GAJEWSKI                    *
                                  *
v.                                *
                                  *   Civil Action No. WMN-10-1095
MIDDLE RIVER AIRCRAFT SYSTEMS     *
                                  *
  *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

## **MEMORANDUM**

Before the Court is Respondent's Motion to Dismiss. Paper No. 7. The motion is fully briefed. Upon a review of the motion and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion should be granted.

Petitioner James Gajewski was employed by Respondent Middle River Aircraft Systems for 26 years, from August 1981 through August 2007. Throughout that time, Petitioner was a member of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and its Local No. 738 (Union). On September 5, 2010, Petitioner was involved in a workplace incident that led to the termination of his employment. The Union grieved Petitioner's discharge and the matter went to arbitration. On January 30, 2010, the arbitrator issued a written opinion and award denying Petitioner's grievance and upholding his termination. Petitioner filed this action to vacate that arbitration award on April 30, 2010.

Respondent now moves to dismiss the petition on the ground that it is barred by the applicable statute of limitations. Petitioner contends that the applicable statute is Md. Code Ann., Cts. & Jud. Proc. § 3-224, Maryland's thirty-day statute of limitations for vacating arbitration awards. For the reasons that follow, the Court agrees that this is the applicable statute of limitations and that the Petition is time-barred.

Petitioner brings this action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Section 301 does not provide a statute of limitations for actions brought under its provisions and, where a statute of limitations is missing from a federal statute, courts will generally look to the most analogous state statute of limitations. See, e.g., DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 158 (1983). For federal suits to vacate arbitration awards under § 301 filed in Maryland, courts have consistently concluded that Maryland's thirty-day statute of limitations for vacating arbitration awards is the most analogous state statute of limitations. See, Int't Longshoremen's Ass'n, AFL-CIO v. Cataneo Inc., 990 F.2d 794, 799 n. 10 (4th Cir. 1993): Sine v. Local No. 992 Int'l Bhd. of Teamsters, 644 F.2d 997, 1002 (4th Cit. 1981); United Steel Workers of America, AFL-CIO-CLC v. Good Humor-Beyers, Inc., Civ. No. 00-2838, 2001 WL 289898 (D. Md. Mar. 21, 2001).

To avoid dismissal, Plaintiff urges the Court to deviate from this precedent and to "borrow" and apply the three-month statute of limitations from the Federal Arbitration Act (FAA) instead of the one-month limitations period from the Maryland statute. Under the federal statute, the petition would be timely. The Supreme Court has allowed that "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking," courts can turn from state law to federal law for an applicable statute of limitations. DelCostello, 462 U.S. at 172. Plaintiff relies on language from three decisions, DelCostello, Sheet Metal Workers Int'l Ass'n v. Power City Plumbing & Heating, Inc., 990 F.2d 794 (4th Cir. 1993), and Cataneo to argue that his status as an "inexperienced or unsophisticated party" Opp'n at 4, renders this case unique and justifies such a departure.

These decisions, however, do not support Petitioner's conclusion. While DelCostello did discuss the difficulties that an unsophisticated employee might have in filing suit within a short limitations period, it was in the context of "hybrid" suits against an employer for breach of a collective bargaining agreement and against the union for breaching its duty of fair

3

representation.  462 U.S. at 154.  The Court opined that the employee bringing such a hybrid suit "will often be unsophisticated in collective-bargaining matters," and, in order to pursue his claim against the union, would be "called upon, within the limitations period, to evaluate the adequacy of the union's representation, to retain counsel, to investigate substantial matters that were not at issue in the arbitration proceeding, and to frame his suit" and, on that basis, opted for a longer limitations period.  Id. at 166.  Those concerns, of course, are not present here.  Furthermore, the Court in DelCostello emphasized that resort to state law "remains the norm for borrowing of limitations periods," "in labor law or elsewhere."  Id. at 171.

In Power City, the Fourth Circuit did conclude that the District Court for the Northern District of West Virginia correctly turned to the FAA's three-month statute of limitation period in dismissing an employer's motion to vacate an arbitration award.  The court did so, however, only after noting that that "there is no limitations period in the West Virginia law governing actions to vacate an arbitration award."  934 F.2d at 560.  "Under these circumstances," the court agreed that it was appropriate to turn to an analogous federal statute.  Id. Here, there is a state statute of limitations available.

Furthermore, in discussing the "unsophisticated" employee language in DelCostello that is relied upon by Petitioner, the Fourth Circuit noted that the "critical aspect" of that language was "its particular application to a 'hybrid' action." Id. (emphasis added). In contrast, "an action to vacate an arbitration award does not carry with it the other policy consideration concerning limitations periods inherent in a § 301/fair representation suit." Id. After concluding that an employer "does not lack the sophistication to be aware of the consequences of an arbitration award," the court added, "[f]or that matter, a losing employee after such a final award would not be in the potentially unprotected position of a union member contemplating a hybrid action . . ." Id. (emphasis added).

The third decision relied upon by Petitioner, Cateneo, actually reaches the opposite conclusion from that which Petitioner argues this Court should reach. Citing DelCostello and Power City, the court held that this Court correctly applied the thirty-day Maryland statute of limitations to a motion to vacate filed under § 301. 990 F.2d at 800. Cateneo, like Power City, did involve motions to vacate arbitration awards filed by employers, and the Fourth Circuit opined that one of the factors rendering the application of a shorter limitations period reasonable was the sophistication of the employer. Id. Before making that observation, however, the court first pointed to the

5

fact that the case before it was "not a hybrid section 301 action" and thus, the public policies mandating a longer statute of limitations were not present.  Id.  Given the "losing employee" language in Power City quoted above and Fourth Circuit's previous affirmation of this Court's application of the Maryland thirty-day statute to motions to vacate filed by employees, see, e.g., Sine, 644 F.2d at 1002, this Court cannot read into Cateneo any implication that this Court should apply a different statute of limitations to straightforward § 301 actions brought by employees than it applies to those actions brought by employers.

Finally, Petitioner argues that he should have the advantage of the longer limitations period because of bad advice he received from his union.  Petitioner states that, after receiving the arbitration award, he promptly consulted the union and was told that he had three months to "appeal" the award.  Aff. of Pet'r ¶ 15.  While bad advice from the union might give rise to a cause of action against the union, it cannot alter what courts have decided to be the applicable limitations period.

Accordingly, Petitioner's petition to vacate the January 30, 2010, arbitration award will be denied and this action

6

dismissed. A separate order will issue.

                                                          _____/s/_____
                                                        William M. Nickerson
                                                        Senior United States District Judge

DATED: August 18, 2010